Filed 10/16/15  P. v. Solarez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062945 |
| v. | (Super.Ct.No. FWV1403273) |
| SANDRA SOLAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jerry E. Johnson (retired judge of the Los Angeles Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) and Ingrid Adamson Uhler, Judges.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

### A.     PROCEDURAL BACKGROUND

On October 23, 2014, an information charged defendant and appellant Sandra Solarez with possession for sale of a controlled substance, namely methamphetamine, in violation of Health and Safety Code section 11378. The previous day, the trial court denied defendant's motion to suppress evidence under Penal Code section 1538.5.

On November 21, 2014, defendant pled nolo contendere to the charge. On February 20, 2015, the court suspended imposition of sentence and placed defendant on probation for three years.  The court ordered defendant to serve 120 days in county jail, with two days presentence custody credit, to pay fines and fees, and to comply with other standard probation conditions.

On February 23, 2015, defendant filed a notice of appeal, and on March 2, 2015, defendant filed an amended notice of appeal.

### B.     FACTUAL BACKGROUND[1]

On May 3, 2014, while on patrol at approximately 12:28 a.m., Officer Daryl Hall of the Upland Police Department noticed three people standing in the carports of an apartment complex.  The people appeared to be removing items from the garage.  Officer Hall believed that they were possibly burglarizing the garage because it was an unusual time at night to be working in a garage.

---

[1] The facts are taken from the preliminary hearing transcript since defendant pled nolo contendere.  Defendant stipulated that the factual basis for the plea could be found in the preliminary hearing transcripts.

As the officer pulled into the carport, defendant got into a green SUV parked just north of the garage door. Officer Hall saw the brake lights activate. As the officer pulled alongside the SUV, he saw it begin to travel in reverse slowly. He motioned for defendant to get out so he could speak to all three people together.

Defendant exited the SUV and joined the others. Officer Hall asked them what they were doing. Defendant stated that she lived in the apartment complex and that the two other people were helping her change her garage into a music studio.

Officer Hall asked the three people for identification. None of them had photo identification. The three gave the officer their names and dates of birth. Defendant identified herself as "Sandra Solarez."

Officer Hall gave defendant's information to dispatch for a return on her name. The return came back with no wants or warrants, and verified that a person with defendant's name resided at the apartment. The return also confirmed that the vehicle was registered to a person with defendant's name. Officer Hall was still suspicious based on his experience in the past of having been given names of relatives, such as sisters or aunts.

Officer Hall asked defendant where she was driving to. She responded that she was going to move her car into the street to avoid a parking ticket. Defendant responded affirmatively to the officer's request to search her. He found nothing on defendant.

Defendant appeared extremely nervous when Officer Hall spoke to her. The officer asked defendant if he could search her car. Defendant asked for what reason. The officer explained that he needed to search defendant's car to try to locate any kind of

3

photo identification to confirm her identity, and to determine whether defendant had a valid license since she was attempting to drive.

Officer Hall spoke to defendant alone because he "was getting weird vibes with all three [people] standing together." The officer did not want to contaminate anybody's side of the story by having them all talk at the same place. Defendant stated she was nervous because she did not know the other female who was with the male by her garage.

Officer Hall asked defendant if there was anything illegal in her car; she replied there was not. The officer then again asked defendant if he could search the car; defendant consented.

The officer found a pink makeup pouch on the front passenger seat. Officer Hall opened the pouch to see if it contained identification. Defendant found a clear plastic baggie containing a crystal-like substance and a roll of cash next to the baggie. The officer removed those items, and found a small digital scale underneath. The officer asked to whom the pouched belonged, and defendant responded, "That's mine."

The roll of cash totaled $1,096 in ones, fives, tens, and twenties. The white, chunky, crystal-like substance in the baggie was about the size of a golf ball. The substance weighed 13.5 grams, inclusive of packaging, and tested positive for methamphetamine. The officer, based on his training, opined that people who personally use methamphetamine use from 0.4 grams to 1 gram per day. From his training and experience, the officer opined that defendant possessed the methamphetamine for sale. Officer Hall based his opinion on the quantity, the large amount of cash, and the digital scale.

**DISCUSSION**

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                    J.

We concur:

RAMIREZ _____
                    P. J.

CODRINGTON _____
                    J.

5